UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY KNUTH,<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN RESCH,<br><br>    Defendant. | Case No. 22-cv-00338-TSH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

## I. INTRODUCTION

Kerry Knuth brings this case against her ex-husband, Martin Resch, for damages arising from the alleged tortious transmission of a sexually transmitted disease. Resch now moves to dismiss Knuth's negligence per se and intentional infliction of emotional distress claims pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 14. Knuth filed an Opposition (ECF No. 17) and Resch filed a Reply (ECF No. 18). The Court finds this matter suitable for disposition without oral argument and **VACATES** the March 10, 2022 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS IN PART** and **DENIES IN PART** Resch's motion for the following reasons.[1]

## II. BACKGROUND

Knuth and Resch were married between February 9, 2000 and October 15, 2020. Compl. ¶ 6, ECF No. 1-1.[2] During their marriage, they engaged in unprotected sexual intercourse after Resch represented himself as disease-free and insisted on not using condoms. *Id.* ¶ 7. However,

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 13, 15.
[2] Attached as Exhibit A to the Declaration of Jack C. Henning.

1  Knuth did not know Resch had unprotected sexual intercourse numerous times with several
2  different women during their marriage. *Id.* ¶ 8. She alleges Resch knew or had reason to know
3  that if he had unprotected sexual intercourse with other women that he would likely contract a
4  sexually transmitted disease and that if he did, he would pass it on to her. *Id.* ¶ 12. Knuth further
5  alleges that during his extramarital encounters Resch was infected with human papillomavirus
6  ("HPV"). *Id.* ¶¶ 10, 15. As a result, Knuth contracted HPV from Resch, which caused her to
7  develop anal cancer. *Id.* ¶ 15.
8      On June 16, 2021, Knuth filed her complaint in Contra Costa Superior Court, alleging five
9  causes of action against Resch: (1) negligence; (2) negligence per se; (3) sexual battery; (4)
10  intentional infliction of emotional distress ("IIED"); and (5) false promise. Resch removed the
11  case to this Court on January 18, 2022, based on diversity of citizenship. ECF No. 1. He now
12  moves to dismiss her negligence per se and IIED claims, arguing Knuth has failed to plead
13  sufficient facts on which her claims can be granted.

### III.  LEGAL STANDARD

15      A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal
16  sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff
17  can prove no set of facts in support of his claim which would entitle him to relief." *Cook v.*
18  *Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted). Rule 8
19  provides that a complaint must contain a "short and plain statement of the claim showing that the
20  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts
21  to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
22  570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility
23  that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint
24  must therefore provide a defendant with "fair notice" of the claims against it and the grounds for
25  relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).
26      In considering a motion to dismiss, the court accepts factual allegations in the complaint as
27  true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v.*
28  *St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).; *Erickson v. Pardus*, 551

1  U.S. 89, 93-94 (2007).  However, "the tenet that a court must accept a complaint's allegations as
2  true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere
3  conclusory statements." *Iqbal*, 556 U.S. at 678.

4  If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no
5  request to amend the pleading was made, unless it determines that the pleading could not possibly
6  be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en
7  banc) (citations and quotations omitted).  However, a court "may exercise its discretion to deny
8  leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated
9  failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing
10 party . . ., [and] futility of amendment.'"  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876,
11 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182
12 (1962)).

### IV.   DISCUSSION

#### A.    Negligence Per Se

Knuth alleges Resch is liable for negligence per se under California Health & Safety Code section 120290, which prohibits the willful transmission of an infectious disease.  Resch argues Knuth's claim fails because she does not plead that he had the specific intent to transmit HPV to her.  Mot. at 7.  In her opposition, Knuth states: "Plaintiff does not oppose this part of the motion, which does not affect the rest of the first cause of action for ordinary negligence."  Opp'n at 2.  Accordingly, the Court grants Resch's motion to dismiss Knuth's negligence per se claim.

#### B.    IIED

In order to establish a claim for IIED under California law, Knuth must allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Ess v. Eskaton Props., Inc.*, 97 Cal. App. 4th 120, 129 (2002). Conduct is outrageous when it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.*  Moreover, the conduct must be intentional such that it is calculated to

1  cause mental distress to a very serious degree. *Id.* at 130.

2        Resch argues Knuth fails to allege facts to support her allegation that she suffered severe

3  emotional distress. Mot. at 7-8. He notes Knuth "pleads that she contracted HPV and was

4  diagnosed with anal cancer shortly after [their] separation in 2018, however, she fails to allege

5  details about the diagnosis and treatment and details about her alleged emotion distress." *Id.* at 8.

6  He also argues Knuth "fails to allege how the emotion distress has manifested itself, how it has

7  impacted her, and its severity." *Id.* Resch states that "[c]ancer is diagnosed by stages, with

8  treatment options varying depending on the stage. Cancer diagnosed at an early stage may not

9  need surgical intervention or even chemotherapy. Without facts demonstrating the nature of her

10 damages, the severity of her emotional distress cannot be ascertained." *Id.* He also argues that

11 Knuth's "diagnosis sometime in 2018 indicates that she has been living with her diagnosis for

12 about three years when the Complaint was filed in 2021, which suggests her diagnosis is

13 manageable." *Id.*

14       Despite Resch's arguments to the contrary, the complaint sufficiently alleges a claim for

15 IIED. Knuth alleges Resch withheld knowledge of his condition from her while the two engaged

16 in a sexually active relationship, and that his conduct caused her to suffer extreme emotional

17 distress. Compl. ¶¶ 35-40. She alleges that as a direct result of his actions, she "was injured in her

18 health, strength and activity, including disease to her body, causing severe emotional distress and

19 serious pain and suffering. Plaintiff is informed and believes, and thereon alleges, that her injuries

20 are permanent." *Id.* ¶ 38. Accepting Knuth's factual allegations as true and construing them in

21 the light most favorable to her, it is plausible that Resch's decision to engage in sexual intercourse

22 with Knuth and ultimately transmit HPV to her could cause her to suffer extreme emotional

23 distress. "Such conduct, if true, is outside the boundaries of decency deemed acceptable by

24 society." *Doe v. Roe*, 2013 WL 1787175, at *6 (D. Nev. Apr. 25, 2013) (denying motion to

25 dismiss IIED claim where plaintiff alleged defendant knowingly withheld that he was afflicted

26 with herpes, that she contracted the disease from him, and that defendant's conduct caused her to

27 suffer extreme emotional distress) (citing *Ess*, 97 Cal. App. 4th at 130); *Behr v. Redmond*, 193

28 Cal. App. 4th 517, 525 (2011), *as modified* (Mar. 25, 2011) ("A person who knows or should

United States District Court
Northern District of California

know he or she has herpes and fails to disclose that fact, or misrepresents that he or she is disease-free, may be liable for transmitting the disease to a sexual partner. . . .  Depending upon the facts giving rise to the transmission of the disease, available tort theories may include . . . intentional infliction of emotional distress[]." (citations omitted).  Thus, at this stage in the pleadings, the Court finds Knuth has pled the elements necessary to support her cause of action, and this claim survives Resch's motion.

### V. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Resch's motion to dismiss.  Knuth's negligence per se claim is **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**

Dated: February 16, 2022

THOMAS S. HIXSON
United States Magistrate Judge

5